UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MYRA ONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-cv-26-HSM-SKL |
| | ) | |
| MOUNTAIN MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is a motion [Doc. 38] filed by Defendant Mountain Management Services, Inc. ("Mountain Management" or "Defendant") to modify the scheduling order to allow the postponement of certain depositions until after the Court has ruled on dispositive motions that Defendant anticipates it will file in this case. Specifically, Defendant asks this Court to postpone depositions it wishes to take of eight individuals who Plaintiff Mayra L. Oni ("Plaintiff") has identified as potential witnesses. These potential witnesses are Towel Oni, Angela Westfield, Valeesa Dickey, Corella Looney, April Cunningham, Carol Looney, Winston Reed, and Carmeisha Goines (collectively "potential witnesses") [Doc. 38 at Page ID # 355]. Plaintiff has not yet filed a response to the motion, but the Court will address the motion now given the fast-approaching discovery deadline.

Defendant did not depose Plaintiff until June 13, 2017. During that deposition, Plaintiff identified the potential witnesses she may call at trial. Defendant asserts that after the deposition concluded, the parties agreed to delay deposing the potential witnesses until after the Court ruled on any dispositive motions filed by the parties. On June 19, 2017, Defendant states that Plaintiff provided, by email, that she no longer was willing to agree to such a delay [Doc. 38-3 at Page ID

#362].

Under the scheduling order [Doc. 18], the discovery period is set to conclude on July 18, 2017, the dispositive motion deadline is August 15, 2017, and the trial will occur November 28, 2017. A court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Defendant asserts that granting its motion to modify the scheduling order to allow the depositions to be taken sometime after the Court has ruled on the dispositive motions "may decrease the cost and expense to both parties in this case" and "would decrease the inconvenience to the non-party deponents." [Doc. 38 at Page ID #356]. Defendant describes the potential witnesses' testimony as "not necessary for purposes of the filing of dispositive motions" and "only relevant with respect to [Plaintiff's] alleged damages." [*Id.*]

The scheduling order in this case allows the parties to conduct discovery by agreement after the close of discovery, but specifically states the Court will not involve itself in any disputes that arise, such as the alleged changed position of Plaintiff regarding the taking of the potential witnesses' testimony after the close of discovery. Although the parties could have requested bifurcation of damages discovery when the scheduling order was entered, they did not do so. The Court does not find Defendant has shown "good cause" to modify the scheduling order or for delay of damages discovery at this late date. Accordingly, Defendant's motion [Doc. 38] is **DENIED**.

SO ORDERED.

ENTER:

                                                              s/*Susan K. Lee*
                                                             SUSAN K. LEE
                                                             UNITED STATES MAGISTRATE JUDGE